Judge Mills
delivered the opinion.
The only question presented for the decision of this court, in this cause, arises out of the rejection of a will, offered in evidence by the appellants, who were plaintiffs *614 below. This will is dated on the 9th September, If88, and after the death of the testator it was duly proved and admitted to record on the alst October, 1788, in the court of Berkley county, Virginia, where the testator resided. The copy adduced was certified by the clerk with the seal of the court annexed, and then followed the usual certificate of the presiding justice. The court excluded this copy because it did not appear that a copy, or the original will, had ever been admitted to record by the proper court in the state of Kentucky.
A will prov’d in a sis ter state, should '^'evidence" to shew title without pro-but6 if such will is proved in Virginia, befors a dioticin, before the sep evidence'1 ** without far ffaer probate
Wickliffe for plaintiff.
Authenticated copies of wills given in evidence to prove title to real estate, which had been proved in the courts of the sister states, when sueh courts had no authority to *be P^bate as to real estate, have been rejected by this court ; but in no instance, within the recollection of tile court, has a will been rejected, when the probate was mat^e before a tribunal of competent authority. Whether sueb will® 36 are last described, proved in other states, can or cannot be admitted as evidence here, need not be B0W decided, it must, in this instance, have escaped the attention of the court below, that this will was proven and recorded in Virginia before the separation of this state from that, and that the laws of that day are our own laws, 8n^ l*>at l^‘S aS t0 US’ *3 BOt 8 foreign will, but One, the probate of which is not impaired by the separation, and ought to be allowed to join evidence as a will proved here since that period.
The judgment must be reversed with costs and the cause, remanded for new proceedings not inconsistent with this opinion.